UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-21929-CIV-GOLD

LEONARD SCREEN,

        Plaintiff(s)

vs.

CLEAN IMAGE OF MIAMI, INC.,
 DEBJIT RUDRA, and
MANDIRA RUDRA

        Defendants.

_____/

2nd AMENDED COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, LENARD SCREEEN ("Plaintiff") and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendants, **CLEAN IMAGE OF MIAMI, INC ("CIM") a Florida Corporation, DEBJIT RUDRA individually, ("DEBJIT") and Defendant MANDIRA RUDRA individually ("MANDIRA")** are a Florida corporation and a Florida residents, respectively, having their main place of business in Dade County, Florida, where Plaintiff

worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual Defendants reside in Dade County, Florida.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST CIM

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits

funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant CIM business activities involve those to which the Fair Labor Standards Act applies  The Defendant is a Cleaning Service. Plaintiff was employed by Defendant CIM as a porter and/or cleaner for the Defendant's business.

8. While employed by Defendant, Plaintiffs worked an average of 63 hours a week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as porter and/or cleaner personnel performing the same or similar duties as that of those other similarly-situated porter and/or cleaner personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation

9. Plaintiff was paid approximately $8.00 an hour from 1997 through January of 2010 and $10.00 from January 2010 through approximately April 2010 but was not properly compensated for overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint  Plaintiff is

owed $4.00 an hour overtime for 23 hours of unpaid overtime weekly totaling $92.00 a week for approximately 140 weeks or $12,880 plus liquidated damages of $12,880. Plaintiff is owed $5.00 an hour overtime for 23 hours or $115 for 16 weeks or $$1,840 plus liquidated damages of $1,840.

10. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

11. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

12. At the times mentioned, Defendant Debjit **,** was, and is now, the Director and/or owner of Defendant Corporation. Defendant Debjit was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant Debjit had operational control of the business and is jointly liable for Plaintiff's damages under the FLSA.

15. Defendant CIM willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

16. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant CIM on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST DEBJIT

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. At the times mentioned, Defendant Debjit was, and is now, the Director and/or owner of Defendant CIM. Defendant Debjit was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant Debjit had operational control of the business and is jointly liable for Plaintiff's damages. Under the FLSA, and individual is considered an employer if he is an officer of the business with operational control and the Court finds that the corporate Defendant is subject to the FLSA (See *Patel v Wargo*, 803 F.2nd 632, 637 (11th Cir. 1986)).

19. Defendant Debjit willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

20. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant Debjit on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

### JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST MANDIRA

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

22. At the times mentioned, Defendant Mandira was, and is now, the Director and/or owner of Defendant CIM   Defendant Mandira was an employer of Plaintiff and others similarly

situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant Mandira had operational control of the business and is jointly liable for Plaintiff's damages. Under the FLSA, and individual is considered an employer if he is an officer of the business with operational control and the Court finds that the corporate Defendant is subject to the FLSA. (See *Patel v. Wargo*, 803 F.2nd 632, 637 (11th Cir. 1986)).

23. Defendant Mandira willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

24. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant Mandira on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of

right by jury.

Dated: 3-9-11

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
11900 Biscayne Boulevard
Suite 288
Miami, Florida 33181
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Florida Bar Number: 0165580