**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 10-21929-CIV-GOODMAN**

**[CONSENT CASE]**

LEONARD SCREEN,

      Plaintiff,

v.

CLEAN IMAGE OF MIAMI, INC., and
DEBJIT RUDRA

      Defendants.

_____/

## <u>ORDER ON LIQUIDATED DAMAGES</u>

This matter is before the Court on Plaintiff's Motion for Liquidated Damages Pursuant to 29 U.S.C. §216(b) and Willful Violation of the FLSA and to Enter Final Judgment.  [ECF No. 71].  The Court has reviewed the motion, the response [ECF No. 88] and the reply [ECF No. 90].  Having carefully considered the pertinent filings, and having presided over the week-long jury trial, the Court **grants** the motion.

The jury awarded Plaintiff, Leonard Screen, $8,208.00 for unpaid overtime wages, under the Fair Labor Standards Act ("FLSA").  [ECF No. 67].  In addition, the jury found that the employer knew or showed reckless disregard for whether its conduct was prohibited by the FLSA in a special interrogatory.  [*Id.* at ¶ 4].

The jury also found that individual Defendant Debjit Rudra was involved in the day-to-day activities of the business or had some direct responsibility for the supervision of Plaintiff.  [*Id.* at ¶ 5].  Thus, the jury found that Rudra was also Plaintiff's "employer."  *See Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (noting that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.") (internal quotation marks omitted).

The applicable statute, 29 U.S.C. § 216(b), provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional amount as liquidated damages."

However, as Defendants note in their response, there is a statutory "safe harbor" defense to liquidated (double) damages.  Specifically, 29 U.S.C. § 260 provides that "the court may, in its sound discretion, award no liquidated damages" if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA's overtime provisions.

Employers who seek to avoid liquidated damages bear the burden of proving that a violation was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (finding that district court erred in failing to award liquidated damages to FLSA plaintiffs) (internal quotation marks omitted).  Framed by this rule, an employer "who knew or had reason to know that the FLSA applied could not establish good faith as a defense." *Id.* Consequently, a district court's decision on whether to award liquidated damages "does not become discretionary until the employer carries its burden of proving good faith."  Phrased differently, liquidated damages "are mandatory absent a showing of good faith." *Id.*

To satisfy the good faith requirement for the safe harbor provision, an employer "must show that it acted with both objective and subjective good faith." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008); *see also generally*, *Bozeman v. Port-O-Tech Corp.*, No. 07-60569-CIV, 2008 WL 4371313, *15-16 (S.D. Fla. Sept. 19, 2008) (awarding liquidated damages after a bench trial).

To satisfy the subjective good faith factor, an employer must show that it "had an honest intention to ascertain what [the Act] requires and to act in accordance with it." *Dybach v. Dep't of Corrs.*, 942 F.2d 1562, 1566 (11th Cir. 1991)

(internal quotation marks omitted).   But even if it proves the subjective component, an employer seeking to avoid liquidated damages must also shoulder the additional requirement of showing that "the employer had reasonable grounds for believing that its conduct comported with the Act." *Id.* at 67 (holding that the evidence "does not come close to constituting a showing that the Florida department in its role as employer met that objective standard.").

Having presided over the trial, the Court remembers well the testimony of Mr. Rudra, the principal of Clean Image, the corporate employer.  Similar to the appellate court's finding in *Dybach* that the state agency employer did not come close to proving the safe harbor good faith defense, the Undersigned concludes that Defendants likewise did not approach the level of proof necessary to persuade me to exercise discretion by not awarding liquidated damages.

Mr. Rudra claimed that Screen "chose" to get paid as an independent contractor, a position the jury clearly rejected.  In addition, he testified that Screen was supposed to be paid on a flat rate, based on an hourly rate, another view the jury did not accept.  He also testified that Screen worked as a day porter but was responsible for supervising the evening crew, a theory which appears illogical on its face.  Under these circumstances, the Undersigned concludes that Defendants did not meet either the subjective or objective strands of the good faith safe harbor provision. Moreover, based on these factors and the Court's

other observations about Defendants' demeanor and credibility, the Court likely would not have exercised its discretion to award no liquidated damages even if Defendants sustained their burden of proving good faith (which they did not).

Therefore, Screen is entitled to liquidated damages, which doubles the amount of compensatory damages, and increases this portion of the judgment from $8,208 to **$16,416**.  The Court will include this amount in the total judgment, which will be entered separately.

**ORDERED** in Chambers, at Miami, Florida, on July 20, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record