UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-21929-CIV-GOODMAN

(CONSENT CASE)

LEONARD SCREEN,

    Plaintiff,

v.

CLEAN IMAGE OF MIAMI, INC., and
DEBJIT RUDRA,

    Defendants.
_____/

## ORDER ON MOTIONS FOR FEES AND COSTS

This matter is before the Court on Plaintiff's Motion for Bill of Costs and his Verified Motion for Attorney's Fees and to Tax Costs Pursuant to Local Rule 7.3. [ECF Nos. 72; 73]. The Court has reviewed the motions, the response and the reply. [ECF Nos. 89; 91]. Having carefully considered the pertinent filings, and having presided over the week-long jury trial, the Court **grants** the motions in part.

As explained below, the Court is awarding attorney's fees in an amount less than requested, in order to take into account that two partners participated in the trial (even though one partner and an associate would have been

sufficient) and to adjust the fees downward to account for the billing inefficiencies inherent in a case where two experienced attorneys were involved every day of the trial. In addition, the costs awarded are less than requested, because Plaintiff sought recovery for an item which is not compensable.

With these considerations in mind, Plaintiff is entitled to recover **$51,532.50** in fees and **$1,457.00** in costs from the Defendants, for a total of **$52,989.50**. The Court will enter a separate judgment for the total amount owed by Defendants, jointly and severally, including damages, liquidated damages, costs and attorney's fees.

I.    BACKGROUND

Plaintiff, Leonard Screen, filed an action alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-206. The case was tried to a jury, which found in his favor and against both Defendants. The jury awarded Screen $8,208.00 in damages. In addition, the jury found that the corporate employer, Defendant Clean Image of Miami, Inc., either knew or showed reckless disregard for whether its conduct [of not properly paying overtime wages] was prohibited by the FLSA.

Screen then filed a motion for liquidated damages and for entry of final judgment in the amount of $16,416.00, plus attorney's fees and costs. [ECF No.

71].  He also filed separate motions for costs in the amount of $1,947.00 and for attorney's fees in the amount of $71,505.00.  [ECF Nos. 72; 73].

After obtaining leave for its corporate trial counsel to withdraw, Clean Image obtained new counsel, who filed opposition memoranda to the motions for fees and costs and liquidated damages on behalf of both Clean Image and Rudra.

At bottom, Defendants (1) object to the liquidated damages because they argue they acted in good faith and did not violate the FLSA willfully, the jury verdict to the contrary notwithstanding, (2) argue that the requested fees should be reduced from approximately $71,000.00 to slightly more than $16,000.00 because they are disproportionate to the recovery, contain duplicative services, are based on vague and incomplete billing records, seek recovery for inflated time entries and, in general, demonstrate that the lawyers over-litigated the case, and (3) request a reduction in costs because of an alleged overstatement and a request for non-compensable amounts.

## II.   LEGAL STANDARDS

The FLSA provides that "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Courts apply the lodestar method to calculate a reasonable attorney's fee in FLSA cases.

3

*E.g., Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc.*, No. 08-61604-CIV, 2009 WL 1117362, at *1 (S.D. Fla. Apr. 24, 2009). The Supreme Court describes the lodestar method as follows:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S. Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). *See also Association of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (noting this method is "commonly referred to as the 'lodestar'").

4

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Coy v. Allstate Floridian Ins. Corp.*, No. 2:05-cv-103-FtM-34DNF, 2007 WL 1732098, at *5 (M.D. Fla. June 14, 2007) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The Court may use its own experience in assessing the reasonableness of attorney's fees and may form an independent judgment either with or without witnesses. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

A successful FLSA plaintiff is limited to recovering <u>only</u> those costs specifically enumerated in 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988); *see also Parness*, 2009 WL 1117362 at *1 (citing *Glenn* for this proposition); *Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-PCF-GRJ, 2009 WL 111678, at *6 (M.D. Fla. Jan. 15, 2009) (same). Specific costs recoverable pursuant to 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The "losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

### A. REASONABLE HOURLY RATE

With these standards in mind, the Court turns to the parties' positions regarding a reasonable hourly rate for Plaintiff's counsel. Screen bases his attorney's fees request on identical hourly rates of $350.00 for partners Jason Remer and Anthony M. Georges-Pierre. The Court finds this hourly rate to be *slightly* high for this case and concludes that **$325.00** is the more appropriate hourly rate. For example, as Plaintiff himself noted in his motion, Mr. Remer was recently awarded a fee using a $300.00 hourly rate in an FLSA case and Mr. Georges-Pierre was recently awarded $325.00 per hour in another FLSA case.

However, the Court does not believe it is appropriate to use $325.00 as the hourly rate for **both** attorneys in this case. This was a straightforward, garden-variety, routine FLSA case. The case did not require *two* experienced partners to be trial lawyers. Instead, in order to promote sound billing judgment and efficiency, the attorneys should have used an associate attorney for the second

6

trial lawyer slot. Based on the Court's experience with other FLSA cases being litigated in this district, the Court concludes that an associate handling an FLSA case at trial as the "second chair" attorney would be entitled to a recovery at a rate of **$175.00 per hour**. Therefore, the time submitted for Mr. Georges-Pierre should be calculated at this lower billing rate.

The Court is **not** finding that Mr. Georges-Pierre is worth only $175.00 per hour or that he has the skills of a less-experienced associate. Instead, the Court readily concedes that his time would fairly be billed at $325.00 per hour *if* he were the *lead* trial lawyer or the *only* trial lawyer. But his experience and expertise were not needed at trial to assist Mr. Remer, who is also an experienced FLSA lawyer in this district. Screen and his counsel are certainly free to staff the case for trial as they see fit. But they cannot expect Defendants to pay fees for unnecessary experience.

As U.S. Magistrate Judge Edwin Torres recently explained:

> the successful personal injury or criminal defense lawyer may choose the Ferrari. The average corporate defense lawyer will wisely choose the BMW. But a successful attorney fee applicant can only choose the Ford Fusion. It is quite reliable, consistent, and effective for the task at hand, and will not break the bank. And because of that, only the cost of a Ford Fusion is compensable under an attorney's fee statute . . .

*Vergara Hermosilla v. Coca-Cola Co.*, ECF No. 194, No. 10-21418-CIV-MOORE/TORRES (S.D. Fla. July 15, 2011).

This analogy can be extended further in this case because two partner-level attorneys were used. To that end, the Court's point here is that only one Ford Fusion was required to drive Plaintiff across the finish line of a trial to a jury verdict, and any other lawyer-driven vehicles would need to be compensated under a more-reasonable approach. Thus, Mr. Georges-Pierre may well also be a Fusion-type driver who controls his client's trial vehicle in FLSA cases, but the statutory reimbursement standards will treat him as though he was driving a pre-owned Toyota or a motorcycle (or any other kind of transportation option less expensive than a Fusion but still more than adequate to transport this case to a verdict in Plaintiff's favor).

Of course, there may well be cases where the client is, in fact, entitled to be reimbursed for two Ford Fusion-type attorneys or a single BMW-type. There may even be some rare, esoteric and complex cases, such as antitrust cases and sophisticated, science-laden patent infringement cases, where the prevailing party is entitled to be reimbursed for a Ferrari. But this is certainly not one of those cases. Screen did not need to select *two* solid, reliable Ford cars in a routine FLSA case where the compensatory damages were less than $10,000. He could

have traveled along the litigation highway in a base model Ford Fusion[1] (without the luxury package), followed in tandem by a used (albeit "certified") Toyota Corolla. To invoke a musical reference, the fees motion is somewhat analogous to the plight articulated by iconic blues singer B.B. King in "How Blue Can You Get," a/k/a "Downhearted," from his 1962 album *Blues in My Heart*: "I gave you a brand new Ford and you said 'I want a Cadillac.'"[2] Without commenting on whether any of the lawyers in the case are worthy of Ferrari, Cadillac, Ford or Toyota rates, the hourly fee rates paid by a client are not necessarily the same as the ones used by a court awarding statutory, "reasonable" fees and the trial staffing decisions are also not going to be automatically adopted by a court.

B. REASONABLE HOURS EXPENDED

The Court must next evaluate the plaintiff's requested fees for reasonableness in terms of the total hours expended by the plaintiff's counsel. The Court should exclude from the fees award compensation for hours that are

---

[1] Henry Ford's motto was "simplicity." http://gardenofpraise.com/scramford.htm (last visited July 20, 2012). In the early years, this simplification resulted in only one color choice. He famously wrote: "People can have the Model T in any color – so long as it's black." http://quotes4all.net/henry%20ford:3.html (last visited July 20, 2012). Had Screen followed Mr. Ford's business philosophy, he would have used a partner and an associate, not two partners, for the trial.

[2] http://www.lyricsbox.com/bb-king-lyrics-how-blue-can-you-get (last visited July 20, 2012); http://www.allmusic.com/album/blues-in-my-heart (last visited July 20, 2012).

9

"excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). The Court may determine a reasonable award based on its own experience. *Norman*, 836 F.2d at 1303. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).

The plaintiff's fees motion provides a breakdown generally summarizing and pinpointing the hours spent by each individual attorney. The Court finds the *number* of hours expended to be reasonable, but, as noted, will reduce the amount of the recovery to reflect the practical reality that Mr. Georges-Pierre's services should be based on the lower hourly rate.

Defendants argue that Plaintiff and his attorneys over-litigated the case and point to the disparity between the recovery (before doubling the award under the liquidated damages provision) of $8,208.00 and the amount of the fees being sought (i.e., $71,505.00). Defendants note that the requested fees are more than 8 times the amount of damages found by the jury. Defendants contend the fees are therefore presumptively unreasonable. Because the damages are being doubled through the Court's decision to grant the statutory liquidated damages motion, however, the requested fees are approximately only 4 times the amount of damages (compensatory and liquidated, combined).

The Court concludes that reducing fees automatically and across the board because of the ratio of fees to the recovery in an FLSA case of 4 to 1 is difficult to justify. Many FLSA plaintiffs seek less than $10,000.00 in unpaid overtime wages (before doubling, if liquidated damages are warranted), but they must take their case to trial if a defendant denies liability or refuses to agree to a reasonable settlement. It is inconceivable that a plaintiff in federal court would incur fees of less than $10,000.00 in a routine case involving several depositions, mandatory mediation, summary judgment motions, written discovery, trial preparation and trial.

Framed by this practical reality, district courts in the Southern District of Florida routinely award attorney's fees in FLSA cases in amounts significantly greater than the recovery. By way of example, in *Francois v. Fried Green Tomatoes, Inc.*, No. 06-60241-CIV-Altonaga/Brown, ECF No. 91 (S.D. Fla. Aug 14, 2006), the district court entered a final judgment which included attorney's fees of $76,850.00 when the unpaid overtime wages (before being doubled for liquidated damages) was less than $11,000.00. Thus, the fees there were approximately 7 times the amount of unpaid overtime wages. *See generally Tyler v. Westway Auto Serv. Ctr., Inc.*, Case No. 02-61667-CIV-Dimitrouleas/Torres, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005) ("given the nature of claims under the FLSA, it

is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case") (internal citation and quotation marks omitted).

Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972). Defendants contested liability and required Screen to take the case to trial. Therefore, this is a situation where "'[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" *Heder v. Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting *Riverside v. Rivera*, 477 U.S. 561, 580-581, n.11 (1986)).

The Court agrees (somewhat) with Defendants' argument that many of the time entries are generic and/or vague. In fact, many of the entries consist of only two or three words to describe the specific task. In order to prevent the possibility of inefficient billing and duplicative time entries, the Court will implement a 5% across-the-board reduction in the amount of attorney's fees. Therefore, the fees award will be based on 117.1 hours (instead of 123.3 hours) for Mr. Remer (at $325.00 per hour) and 77 hours (instead of 81 hours) for Mr. Georges-Pierre (at $175.00 per hour). Applying these figures, the fees portion of

the judgment is **$51,532.50** ($38,057.50 for Mr. Remer's time and $13,475.00 for Mr. Georges-Pierre's time), or about 72% of the requested $71,505.00.

## III.   COSTS

In his bill of costs [ECF No. 72], Plaintiff listed $1,947.00 in costs, comprised of costs for the clerk ($350.00), costs for service of summons and subpoena ($285.00), costs for transcripts used in the case ($887.00), costs for copies of materials obtained for use in the case ($75.00) and mediation costs ($350.00).

In his follow-up motion [ECF No. 73], filed after the bill of costs was submitted on Form AO 133, Plaintiff listed $2,027.00 in costs.  The amounts requested in the motion are slightly different than those outlined in the bill of costs form.  Specifically, Plaintiff requested $285.00 in the bill of costs form for the summons and subpoenas but requests only $145.00 for this category in the later-filed motion.

Defendants concede that Plaintiff is entitled to recover costs but contend that he miscalculated one cost and is improperly seeking mediation fees.

Concerning the alleged miscalculation, Defendants say that Plaintiff's motion indicates that the copying costs totaled only $75.00 but added a $600.00 copying cost. Plaintiff concedes in his reply [ECF No. 91] that the form he

13

submitted for costs contained a typographical error and that the copy cost is $75.00, not $600.00. Therefore, there is no longer dispute on this costs item.

Concerning the dispute over the mediation costs, which include $350.00 for the mediation itself and $80.00 for parking, 28 U.S.C. § 1920 designates the specific types of costs which are recoverable. Mediation fees are not listed. In addition, Local Rule 16.2(b)(7) states: "Absent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference." Plaintiff has not alleged an agreement to the contrary. Therefore, the mediation costs requested by Plaintiff are not a recoverable cost.

The Court concludes that Plaintiff is entitled to recover **$1,457.00** in costs, the amount specified in his more-comprehensive motion [ECF No. 73], minus mediation and mediation parking costs. Therefore, Plaintiff is entitled to recover **$52,989.50** in fees and costs. The Court will include this amount in the final judgment.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on July 23, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**COPIES FURNISHED TO:**
Counsel of Record